UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VALDA CHRISTMAS

VERSUS

UNITED STATES POSTAL SERVICE

CIVIL ACTION

NUMBER 14-652-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VALDA CHRISTMAS

VERSUS

UNITED STATES POSTAL SERVICE

CIVIL ACTION

NUMBER 14-652-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff filed a Complaint against the United States Postal Service ("USPS") alleging that on or around March 14, 2013 a postal truck came on his driveway and hit his vehicle. Plaintiff demanded the USPS pay for the damages caused to his vehicle.

Plaintiff's Complaint is cognizable under the Federal Tort Claims Act ("FTCA"), 25 U.S.C. § 2671, et seq. However, to bring an FTCA claim the plaintiff must first exhaust his administrative remedies. Section 2675 provides, in relevant part, as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

There is no allegation in the plaintiff's Complaint which indicates that he timely presented an administrative claim to the USPS and such claim was denied or the USPS failed to make a final disposition of his claim within six months. Consequently, the plaintiff's complaint fails to state a claim on which relief can be granted and should be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Complaint be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) unless, within 14 days or such other time as the court may allow, the plaintiff files an amended complaint alleging facts showing that he has satisfied the prerequisites for suit under the Federal Tort Claims Act.

Baton Rouge, Louisiana, October 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE